**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0153-25

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARTIN MARTINEZ, JR.,
a/k/a MARTIN MARTINEZ,

     Defendant-Appellant.

_____

          Submitted May 27, 2026 – Decided July 23, 2026

          Before Judges Gooden Brown and Rose.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-05-0681.

          Bailey & Toraya, LLP, attorneys for appellant (Adam W. Toraya, on the brief).

          Linda Estremera, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Martin Martinez, Jr. appeals from the August 6, 2025 Law Division order[1] denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, but remand solely to correct the judgment of conviction (JOC) to reflect the proper conviction.

I.

Defendant entered a negotiated guilty plea to first-degree aggravated manslaughter, second-degree aggravated assault, and second-degree conspiracy to commit robbery. He was sentenced in accordance with the plea agreement to an aggregate term of twenty-five years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

The June 21, 2017 charges stemmed from defendant concocting a plan for his girlfriend, Cynthia Rivera, to rob an individual. The plan went awry when defendant received a text message from Rivera stating she was at the Loop Inn Motel in Woodbridge with two men and was "scared" because one of them brandished a gun. Defendant secured a firearm and went to the motel to rescue Rivera accompanied by an armed associate, John Mingo. Once inside the motel room, Mingo shot the two men, killing one and injuring the other. Mingo removed the gold chains from the surviving victim's neck. Thereafter,

---

[1] The order was entered on August 6 but filed on August 7, 2025.

A-0153-25

defendant, Mingo, Rivera, and another woman who was in the motel room and had participated in the robbery plan fled the scene. The following day, Mingo and defendant sold the gold chains at a pawn shop.

Subsequently, defendant was charged in a ten-count Middlesex County indictment with first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2(a)(1), :11-3(a)(1) to (2) (count one); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3), :2-6(c)(1)(b) (count two); first-degree murder, N.J.S.A. 2C:11-3(a)(1) to (2), :2-6(c)(1)(b) (count three); first-degree attempted murder, N.J.S.A. 2C:5-1(a), :11-3(a)(1) to (2), :2-6(c)(1)(b) (count four); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a)(1), :15-1(a)(1) (count five); first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1), :2-6(c)(1)(b) (count six); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), :2-6(c)(1)(b) (count seven); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a), :2-6(c)(1)(b) (count eight); third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2, :2-6(c)(1)(b) (count nine); and fourth-degree obstruction of the administration of law, N.J.S.A. 2C:29-1(a), :2-6(c)(1)(b) (count ten). Mingo and Rivera were also charged in all ten counts.

At the ensuing plea hearing, defendant pled guilty to count two, as amended to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); count

3

A-0153-25

four, as amended to second-degree aggravated assault, N.J.S.A. 2C:12-1(b); and count five. Under the terms of the plea agreement, defendant agreed to cooperate in the prosecution of his codefendants and testify truthfully against them at trial. In the event of a breach of the agreement, defendant would be precluded from withdrawing his plea absent a showing it was not entered knowingly, voluntarily, and intelligently. During the plea colloquy, defendant provided a factual basis for his plea, admitting to the elements of each offense. After ensuring defendant was pleading voluntarily, with an understanding of the nature of the charges and the consequences of the plea, the judge accepted defendant's guilty plea in accordance with Rule 3:9-2 (governing the requirements for the court's acceptance of a guilty plea).

Thereafter, defendant moved to withdraw his guilty plea, arguing he was acting in the defense of others and asserting his plea colloquy did not establish "a factual basis[] for aggravated manslaughter." After reviewing the discovery and applicable legal principles, the judge denied the motion. The judge concluded the motion was "woefully inadequate" and fell "woefully short of meeting any of the Slater[2] factors, most particularly a colorable claim of

---

[2] State v. Slater, 198 N.J. 145 (2009).

A-0153-25

innocence." The judge painstakingly examined Rivera's statements inculpating defendant in concocting the robbery scheme and determined even if defendant had made an argument for defense of others, the defense would not have been successful because he was the initial aggressor and he and the other codefendants[3] had set the events in motion. Moreover, according to the judge, there was nothing indicating Rivera needed to be rescued as she could have left the motel room or called for help, but chose not to do so. The judge also determined by filing the motion to withdraw his guilty plea, defendant did not violate the terms of the plea agreement.

After denying the motion, the judge sentenced defendant. In imposing sentence, the judge found aggravating factors three and nine based on the risk defendant would commit another offense and the need for deterrence. See N.J.S.A. 2C:44-1(a)(3), (9). The judge found no mitigating factors, rejecting defense counsel's argument that mitigating factor twelve, among others, applied based on defendant's cooperation agreement with the State. See N.J.S.A. 2C:44-1(b)(12).

The judge sentenced defendant to twenty-five years in prison, subject to NERA, on count two as amended, and concurrent terms of ten years, each

---

[3] The judge noted the codefendants' cases had all been resolved by guilty pleas.

A-0153-25

subject to NERA, on count four as amended, and count five. The JOC was entered on February 27, 2019, memorializing the sentence. The JOC correctly reflected defendant's convictions on counts two and five. However, as to count four, the JOC mistakenly indicated defendant was convicted of first-degree attempted murder, the original charge, instead of the amended second-degree aggravated assault charge.

Defendant appealed his convictions and sentence, which appeal was heard on our sentencing oral argument (SOA) calendar. See R. 2:9-11. During argument, appellate counsel did not address the error in the JOC, and mistakenly stated defendant was sentenced for "first[-]degree aggravated manslaughter, first[-]degree attempted murder[,] and second[-]degree conspiracy to commit robbery." We affirmed defendant's convictions and sentence, rejecting counsel's contentions defendant's withdrawal motion should have been granted and mitigating factors were overlooked. We concluded the sentence was "not manifestly excessive or unduly punitive" and "the court did not abuse its discretion in weighing the [Slater] factors." State v. Martinez, No. A-3313-18 (App. Div. Feb. 11, 2020) (slip op. at 1).

Defendant filed a timely PCR petition, which was supplemented by counsel. In his petition, among other things, defendant asserted his trial counsel

6

rendered ineffective assistance of counsel (IAC) by failing to effectively argue for mitigating factor twelve at sentencing. See N.J.S.A. 2C:44-1(b)(12) ("The willingness of the defendant to cooperate with law enforcement authorities . . . ."). Defendant also argued his appellate counsel rendered IAC by failing to address the error in the JOC at the SOA hearing, causing this court to erroneously rely on the error in affirming the sentence.

Following oral argument, the PCR judge entered an order denying defendant's petition. In an accompanying written decision, the judge recounted the facts and procedural history of the case, applied the governing legal principles, and concluded defendant failed to establish a prima facie case of IAC to justify an evidentiary hearing or other relief. Specifically, the judge found no ground to establish an IAC claim because "trial counsel argued mitigating factor twelve in his [s]entencing [m]emorandum," notwithstanding the sentencing judge's rejection of trial counsel's argument.

Addressing defendant's argument his appellate counsel was ineffective by misstating his conviction on count four and causing this court to rely on the error in affirming his sentence, the PCR judge found defendant's argument "speculative" at best. The judge reasoned

> This court finds that the error in the [JOC] was an inadvertent clerical-type error, and it will be

7

amended to reflect the sentencing transcript accordingly. There is no evidence in [defendant's] record that that error led to an impairment of any substantive right, nor could there be.

On appeal, defendant reprises the arguments rejected by the PCR judge as follows:

POINT ONE

THE [JOC] MUST BE CORRECTED BECAUSE IT INCORRECTLY STATES UNDER COUNT FOUR THAT DEFENDANT IS GUILTY OF FIRST-DEGREE ATTEMPTED MURDER RATHER THAN SECOND[-]DEGREE AGGRAVATED ASSAULT.

POINT TWO

THE [PCR] COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION.

[A.[4]] Defendant Received [IAC] When His Trial Attorney Failed To Effectively Oppose The State's Argument That Mitigating Factor Twelve Did Not Apply To Him Because He Filed A Motion To Vacate His Plea.

[B.] Defendant Received [IAC] When His Appellate Attorney Improperly Conceded And Failed To Recognize That The [JOC]

---

[4] We omit the IAC prevailing legal principles for conciseness.

8                                                                 A-0153-25

Incorrectly Stated He Was Guilty Of
Attempted Murder.

## II.

We begin by setting out the guideposts that inform our review. "We review the legal conclusions of a PCR judge de novo," State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010), but "review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing," State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

An evidentiary hearing is only required when (1) a defendant establishes "a prima facie case in support of [PCR]," (2) the court determines that there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)); see also R. 3:22-10(e)(2) (providing "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory[,] or speculative"). Indeed, "[i]f the court

perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." Brewster, 429 N.J. Super. at 401 (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)); see also State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions").

"To establish a prima facie case, [a] defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b). Moreover, a defendant must make this showing "by a preponderance of the credible evidence." State v. Goodwin, 173 N.J. 583, 593 (2002).

Rule 3:22-2 recognizes five cognizable grounds for PCR, including a "[s]ubstantial denial in the conviction proceedings of [a] defendant's [constitutional] rights," R. 3:22-2(a), which encompasses the Sixth Amendment right to the effective assistance of counsel at issue in this appeal, State v. Nash, 212 N.J. 518, 541-42 (2013). To establish a prima facie claim of ineffective assistance of trial counsel as contemplated under Rule 3:22-2(a), a defendant must demonstrate that the performance of counsel fell below the objective

10

standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and adopted in State v. Fritz, 105 N.J. 42, 49-58 (1987), and that the outcome would have been different without the purported deficient performance. Nash, 212 N.J. at 541-42. Stated differently, a defendant must show: "(1) 'counsel's performance was deficient'; and (2) 'the deficient performance prejudiced the defense.'" State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (quoting Strickland, 466 U.S. at 687).

To satisfy the first prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment" and "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. "[I]n making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. As such, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

"[F]ailure to present mitigating evidence or argue for mitigating factors" at sentencing, "even within the confines of [a] plea agreement," may support an

IAC claim. State v. Hess, 207 N.J. 123, 154 (2011). Still, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89. For that reason, "[t]he quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006). "The test is not whether defense counsel could have done better, but whether he [or she] met the constitutional threshold for effectiveness." Nash, 212 N.J. at 543.

To satisfy the second Strickland/Fritz prong, "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694). This prong generally requires that a defendant establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "That 'is an exacting standard.'" State v. Gideon, 244 N.J. 538, 551 (2021) (quoting State v. Allegro, 193 N.J. 352, 367 (2008)).

A-0153-25

To establish the prejudice prong in the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  To that end, "a [defendant] must convince the court that a decision to reject the plea bargain" and "insist on going to trial" would have been "rational under the circumstances."  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).  That determination should be "based on evidence, not speculation," ibid., and "[s]olemn declarations in open court carry a strong presumption of verity," State v. Simon, 161 N.J. 416, 444 (1999) (alteration in original) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

As with trial counsel, to establish a prima facie case of ineffective assistance of appellate counsel, a defendant must show both a "lack of professional competence" and "that but for counsel's unprofessional errors, the result would have been different."  State v. Morrison, 215 N.J. Super. 540, 551 (App. Div. 1987).  However, appellate counsel will not be found ineffective for failing to raise meritless issues or errors an appellate court would deem harmless.  See State v. Echols, 199 N.J. 344, 361 (2009).  Further, appellate

13

counsel "need not advance every argument, regardless of merit, urged by the appellant," Evitts v. Lucey, 469 U.S. 387, 394 (1985) (emphasis omitted), but "should bring to the court's attention controlling law that will vindicate [the appellant]'s cause." State v. O'Neil, 219 N.J. 598, 612 (2014). Failure to do so constitutes ineffective assistance only if there is a "reasonable probability" that the outcome of the appeal would have been different. Id. at 611. Thus, to prove ineffective assistance of appellate counsel, a defendant must prove an underlying claim to relief is meritorious. Morrison, 215 N.J. Super. at 547-51.

Failure to meet either prong of the two-pronged Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012) (citing Echols, 199 N.J. at 358). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citation omitted) (citing Strickland, 466 U.S. at 697).

Applying these principles, we agree with the PCR judge that defendant failed to establish a prima facie IAC claim to warrant an evidentiary hearing. First, defendant's argument that trial counsel failed to effectively advocate for mitigating factor twelve at sentencing is belied by the record. In the sentencing

14

memorandum, trial counsel argued: "Notwithstanding the fact that [defendant] . . . filed a motion to withdraw his plea[,] . . . he is entitled to the benefit of mitigating factor [twelve]." Trial counsel specified defendant's "videotaped proffer" explaining each participant's role, "cooperation agreement with the State," and willingness "to testify at the trial of his codefendants" all weighed in favor of finding mitigating factor twelve.

At sentencing, trial counsel reiterated:

> I'd ask for [mitigating factor twelve], Judge. Although [defendant] wanted to take his plea back, . . . I don't . . . believe . . . that's a material breach of the plea agreement. It's certainly not a material breach of a cooperation agreement. And I think that [mitigating] factor [twelve] should still be found . . . . [Defendant] gives a proper statement[,] and he gives that statement about what . . . Mingo did that day. And . . . Mingo being the man who pull[ed] the trigger.

Clearly, trial counsel assiduously argued for mitigating factor twelve at sentencing despite the sentencing judge's rejection of his arguments.

Turning to defendant's argument that his appellate counsel was ineffective, we agree with the judge defendant failed to make a prima facie showing of ineffective assistance of appellate counsel. We are satisfied that under the circumstances, a single mistake resulting from a clerical error that did not impair defendant's substantive rights cannot support an IAC claim.

15

Although appellate counsel mistakenly stated defendant was sentenced for first-degree attempted murder, instead of second-degree aggravated assault, appellate counsel otherwise effectively argued on defendant's behalf. Moreover, defendant was not prejudiced by the error because this court's affirmance was based on the record as a whole, including the sentencing transcript.

The PCR judge and both parties agree the JOC contains a clerical mistake that must be corrected to accurately reflect the sentence imposed. "In the event of a discrepancy between the court's oral pronouncement of sentence and the sentence described in the [JOC], the sentencing transcript controls and a corrective judgment is to be entered." State v. Abril, 444 N.J. Super. 553, 564 (App. Div. 2016). "It is firmly established that the sentencing transcript is 'the true source of the sentence.'" State v. Walker, 322 N.J. Super. 535, 556 (App. Div. 1999) (quoting State v. Pohlabel, 40 N.J. Super. 416, 423 (App. Div. 1956)). Accordingly, we affirm, but remand solely for the correction of the JOC to reflect defendant was convicted of the amended second-degree aggravated assault offense, not the original first-degree attempted murder charged in count four.

Affirmed, but remanded solely for entry of an amended JOC consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

16

A-0153-25